LOVE SMITH *et al.* v. STATE.

No. A-2222. Opinion Filed May 22, 1915.

1. **EVIDENCE—Burden of Prosecution—Demurrer to Evidence—Dismissal**—When the testimony introduced by the state not only fails to establish the guilt of the accused beyond a reasonable doubt, but negatives any idea of guilt, the trial court should sustain a demurrer to the evidence and discharge the accused.

2. **INTOXICATING LIQUORS—Insufficiency of Evidence.** For evidence which is insufficient to sustain a conviction of two sixteen-year-old boys on a charge of unlawfully giving away whisky, see opinion.

(Syllabus by the Court.)

*Appeal from County Court, Washita County;*
*L. R. Shean, Judge.*

Love Smith and Charley Mitchell were convicted of giving away whisky, and appeal. Reversed with directions to dismiss.

*Smith, Smith & Smith,* for plaintiffs in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiffs in error Love Smith and Charlie Mitchell were convicted at the January, 1914, term of the county court of Washita county on a charge of giving away intoxicating liquor, and their punishment fixed at imprisonment in the county jail for a period of thirty days each and a fine of $50 each. The plaintiffs in error are two boys, each about the age of sixteen years at the time this conviction occurred.

The information charged an unlawful giving away of whisky to William Gregory. The material testimony given by Gregory is as follows:

"Q. Tell the jury what happened while you was eating your dinner. A. Smith came up and asked me would I go and identify him and get this. Q. Get what? A. Whisky. Q. Where did he want you to go? A. To the depot. * * * Q. What did he receive after you identified him and he signed this book? A.

A package of liquor. Q. Tell the jury now what you did or what he did with that package of liquor after receiving it. A. What did he do with it? Carried it up the creek there a ways and hid it for a little while in an old stack there. Q. Where did you go? A. I went with him. * *· * Q. Tell whether or not he broke the package. A. Yes, sir, he did. Q. What else did he do besides break the package, if anything? A. He took a drink. Q. What else? A. I don't know. Q. What did he do with it after he took a drink? A. He hid it. Q. Tell the jury whether or not you got any of it at that time. A. Yes, sir, I got some of it. Q. Was that before it was hid? A. Not the first time it was not. I never got any before it was hid the first time. Q. How come you to get it that time? A. I watched him hide it and went there and got it? Q. Was it there? A. Yes, sir. Q. Did he see you get it? A. He was not at the whisky. Q. Was he waiting for you or not while you was getting the drink? A. No, I don't think he was waiting for me. Q. Where was he? A. He was down on the creek."

On cross-examination the witness testified further as follows:

"Q. Are you the boy that went ahead and drank a part of this whisky too, are you not? A. Yes, sir. Q. And Smith never did give you any of this whisky, did he? A. No, sir, he did not. Q. Did Mitchell ever give you any? A. No, sir. Q. Did any one ever give you any? A. No, sir."

At the close of the state's case a demurrer was interposed to the evidence, and the court requested to advise the jury to return a verdict of not guilty. The demurrer was overruled and the request denied. Proper exceptions were reserved, and this question presented by assignments of error to this court.

We are unable to determine on what process of reasoning the trial court based his conclusions that the state had made a case. Just why these sixteen-year-old boys should be sent to prison, when the state's only witness, upon whose testimony the right of the public to make convicts of these boys must rest, positively and unequivocally declares from the witness stand that neither of them ever gave him any whisky at any time, is not clear. The verdict in this case was contrary to the evidence.

The trial court should have sustained the demurrer to the evidence and discharged the plaintiffs in error from prosecution.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the prosecution.

DOYLE, P. J., concurs. FURMAN, J., absent.